IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING,          §<br>§<br>§<br>Plaintiff,          §<br>§<br>VS.          §<br>§<br>HARLAN JONES, et al.,          §<br>§<br>Defendants.          § | Civil Action No. 3:24-CV-1582-D |

MEMORANDUM OPINION
AND ORDER

In this diversity action, plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") seeks to foreclose on a piece of real property located in DeSoto, Texas ("Property"). It has filed a motion summary judgment, to which defendants Harlan Jones ("Jones") and Letitia Cheatham ("Cheatham") have failed to respond. For the reasons that follow, the court grants the motion and enters judgment in favor of NewRez.

I

In July 2020 the decedent, Emily R. Jones ("Emily"), executed a Texas home equity note ("Note") in the principal sum of $144,439.00, payable to JPMorgan Chase Bank, N.A. ("Chase Bank").[1] Concurrently with the execution of the Note, Emily executed a Texas Home Equity Security Instrument (First Lien) ("Security Instrument") securing repayment

---

[1] The undersigned recuses in cases in which Chase Bank is a party, or in which Chase Bank has a financial interest. Because Chase Bank has neither in this case, recusal is not necessary.

of the Note with a first lien on the Property in favor of Chase Bank. Chase Bank subsequently transferred and assigned the Note and Security Instrument (sometimes referred to collectively as the "Loan") to NewRez. NewRez maintains that it is the current legal owner and holder of the Note, indorsed in blank, and the mortgagee, as that term is defined in Tex. Prop. Code Ann. § 51.0001(4) (West 2023).

Emily died on June 10, 2022, and no probate estate has been opened for her. In accordance with Tex. Estates Code Ann. §§ 101.001(b) and 101.051 (West 2020), Emily's heirs (Jones and Cheatham) acquired all of her interest in the Property immediately upon her death, subject to the Loan debt owed to NewRez.

NewRez contends that the Loan is in default due to a failure to make monthly payments and that Loan payments are due beginning on November 1, 2023 and continuing for all payments due thereafter. As a result of the default, NewRez invoked its authority to foreclose.

On April 26, 2024 NewRez mailed a Notice of Default and Intent to Accelerate ("Notice of Default") to the Property address via regular and certified mail, postage prepaid. The default was not cured. Accordingly, NewRez filed the instant lawsuit on June 25, 2024 seeking a declaration that it is the owner and holder of the Note and beneficiary of the Security Instrument; a declaration that it has a statutory probate lien against the Property under the terms of the Loan and Texas law; an order to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan and Tex. Property Code Ann. § 51.002; alternatively, a judgment for judicial foreclosure together with an order of

sale pursuant to Tex. R. Civ. P. 309; and attorney's fees.[2]

NewRez now moves for summary judgment on the ground that the Loan is in default, it has standing and authority to proceed with foreclosure on the Property, and no genuine issue of material fact exists to prevent the entry of a final summary judgment against defendants. Defendants have not responded to NewRez's motion, which the court is deciding on the papers on file.[3]

II

When, as here, the summary judgment movant will have the burden of proof on a claim, the movant "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that the movant is entitled to judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire &*

---

[2]NewRez only mentions attorney's fees in the last sentence of its motion. The court therefore declines to award attorney's fees without prejudice to NewRez's moving for an award of such fees by timely motion under Fed. R. Civ. P. 54(d)(2).

[3]NewRez filed its motion on June 5, 2025. Defendants' response was due on Thursday, June 26, 2025. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

*Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

NewRez moves for summary judgment allowing it to proceed with foreclosure against the Property.

As noted, defendants have not responded to NewRez's motion. Although their failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his or] her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 5(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration." *PennyMac Loan Servs., LLC v. Beall*, 2024 WL 5256503, at *3 (N.D. Tex. Dec. 17, 2024) (Toliver, J.) (citing

*Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013)), *rec. adopted*, 2025 WL 72105 (N.D. Tex. Jan. 10, 2025) (Boyle, J.). NewRez has adduced undisputed summary judgment evidence that establishes each of these elements beyond peradventure.

NewRez alleges that defendants have a debt and has adduced evidence demonstrating that: (1) it is the last entity to whom the Security Instrument was assigned of public record; (2) Emily's heirs, including defendants, acquired the debt attached to the Loan and Note upon Emily's death (a fact that is undisputed)[4]; and (3) defendants are in default. Regarding the second element, NewRez contends that the Loan was secured by a lien consistent with Tex. Const. art. XVI, § 50(s)(6). It submits competent summary judgment evidence to this effect in the form of the written Security Instrument and Note, both signed by Emily. It has established that, under the terms of the Security Instrument and Note, Emily's heirs, including defendants, are in default on the Loan. And, finally, it has attached a written copy of the Notice of Default and produced evidence that it mailed a Notice of Default to the Property address on April 26, 2024 and allowed over 30 days before accelerating the Loan by filing the instant lawsuit on June 25, 2024.

Based on NewRez's undisputed evidence, the court concludes that NewRez has demonstrated beyond peradventure that it is entitled to summary judgment allowing it to

---

[4]NewRez requests a declaration that Emily's interest in the property vested immediately into her heirs or devisees after her death and that, upon foreclosure, the purchaser at the foreclosure will be vested with the same interest in the Property. NewRez's factual statement is undisputed, and NewRez is legally correct that the property and debt vested in Emily's estate "immediately" upon her death. Tex. Estates Code Ann. § 101.001(b); Tex. Estates Code Ann. § 101.051(b) (debts accompany estates upon the party's death).

proceed with foreclosure in accordance with the Security Instrument and Tex. Prop. Code Ann. § 51.002.

* * *

Accordingly, for the reasons explained, the court grants NewRez's motion for summary judgment and enters judgment in NewRez's favor by judgment filed today.

**SO ORDERED**.

July 31, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE